# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILMA SMITH,

Plaintiff,

v.

BANK OF AMERICA N.A.; BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, N.A., BANK OF NEW YORK MELLO, *et al.*,

Defendants.

Case No. 2:11-CV-01313-KJD-RJJ

**ORDER**

Presently before the Court is the Motion to Dismiss and Expunge Lis Pendens (#11) filed by Defendants Bank of America, N.A. ("Bank of America"), ReconTrust Company, N.A. ("ReconTrust"), and Bank of New York Mellon ("BNY Mellon")(collectively "Defendants"). Plaintiff filed a response (#15) to which Defendants replied (#16). Also before the Court is Plaintiff's Ex Parte Motion for Extension of Time (#13) to which Defendants filed a notice of non-opposition (#14).

I. Background

Plaintiff Wilma Smith purchased real property at 5570 South Palm Street, Las Vegas, Nevada (the "Property") in November 2003 with a loan for $138,000 from Countrywide. The loan was secured with a Deed of Trust encumbering the Property. In 2005, Plaintiff refinanced the Property by obtaining a loan for $304,000, which she secured with a new Deed of Trust in favor of Countrywide. Mortgage Electronic Registration Systems ("MERS") was listed as the beneficiary and nominee of the lender and Old Republic Title as the original trustee.

Plaintiff defaulted and on July 24, 2010 BNY Mellon executed and recorded a Substitution of Trustee formally substituting ReconTrust as the trustee under the Deed of Trust. On that same day, ReconTrust initiated foreclosure proceedings.

Plaintiff elected not to participate in Nevada's Mandatory Foreclosure Mediation Program which resulted in the State of Nevada issuing a Certificate allowing the foreclosure to proceed. On July 29, 2011 ReconTrust recorded a Notice of Trustee's Sale, which set the sale date of August 18, 2011. The sale was postponed and no sale has taken place.

On August 15, 2011 Plaintiff filed the Complaint (#1) stating claims for fraud, violation of the Real Estate Settlement Procedures Act ("RESPA"), wrongful foreclosure, fraudulent assignment, quiet title, and declaratory judgment. Defendants moved to dismiss under Fed. R. Civ. P. 12 (b)(6).

II. Discussion

A. Legal Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S. Ct. at 1949. The Iqbal evaluation illustrates a two-prong analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations

which are legal conclusions, bare assertions, or merely conclusory. Ashcroft, 129 S. Ct. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Ashcroft, 129 S. Ct. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Ashcroft, 129 S. Ct. at 1950.

Plaintiff is representing herself *pro se.* Courts must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986).

B. Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed R. Civ. P. (9)(b). To prove fraud, a plaintiff must demonstrate that a defendant: 1) made a false representation; 2) with knowledge of its falsity; 3) with intent to induce a reliance on the misrepresentation; 4) plaintiff justifiably relied on the misrepresentation; and 5) plaintiff suffered damages as a result of the reliance. Nau v. Sellman, 757 P.2d 358, 360 (1988). Fraud must be pled with particularity including allegations of the time, place, nature of the fraud, and specific parties involved. Neubronner v. Milliken, 6 F.3d 666, 371 (9th Cir. 1993). It is not required that the complaint describe in detail every single transaction. However, the complaint must identify the circumstance of the alleged fraud so that defendants can prepare an adequate answer. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997). "Fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matter of law." Miller v. Yokohama Tire Corp., 358 F.3d 616, 621 (9th Cir. 2004).

Plaintiff's claims for fraud are based on allegations that Bank of America indicated that she could only obtain a loan modification if she was in default and that Bank of America misrepresented that the "investor" is solely responsible for the decision to grant loan modifications. Plaintiff has failed to provide essential information identifying the parties that made the alleged statements, the time the alleged fraud took place, and how those alleged statements were false. The allegations of the

Complaint are not specific enough to allow the Defendants to adequately answer. Plaintiff's allegation that Bank of America did not need investor approval is a legal conclusion and not entitled to the assumption of truth. Miller, 358 F.3d at 621. Accordingly, the fraud claims fail as a matter of law.

C. Violation of Real Estate Settlement Procedures Act

Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. ¶¶ 1601-2617, requires *inter alia,* a servicer of any federally related mortgage loan to "notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. ¶ 2605(b)(1). Under RESPA, borrowers are entitled to certain information upon making a Qualified Written Request ("QWR"). A QWR is an inquiry sent by the borrower to the servicer of a mortgage seeking information pertaining to the mortgage. The QWR must be a written correspondence that enables the servicer to identify, the name and account of the borrower, and includes a statement of the reasons for the belief of the borrower that the account contains an error and provides sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. §2605 (e)(1)(b).

Plaintiff contends that Defendants violated RESPA by failing to respond in the appropriate manner to a QWR and violated the prohibition against kickbacks and unearned fees. 12 U.S.C. §2605( QWR), 12 U.S.C. §2607. Plaintiff's Complaint fails to allege sufficient facts showing that a QWR was sent or received by the Defendants, or that it contained sufficient detail regarding the information sought from Defendants by Plaintiff.

Further, Plaintiff alleges that the Defendants charged excessive fees in November 2005. However, Plaintiff's claim that Defendants violated 12 U.S.C §2607 by charging excessive fees is barred by the statute of limitation which restricts claims under § 2607 to 1 year from the date of the occurrence of the violation. 12 U.S.C §2614. In this case, the Complaint was not filed until August 15, 2011, almost 6 years later.

Finally, the Plaintiff fails to provide points and authorities in opposition to defendants Motion to dismiss these claims. "Failure of an opposing party to file points and authorities in response to any

motion shall constitute a consent to the granting of the motion." LR 7-2(d). Accordingly, the RESPA claim fails.

D. Wrongful Foreclosure

To establish a claim for wrongful foreclosure, Plaintiff must allege: 1) defendant exercised a power of sale or the foreclosure occurred; and 2) at the time of the foreclosure, plaintiff did not cause a breach of condition or failure of performance that would have authorized a foreclosure. Collins v. Union Fed. Sav. & Loan Ass'n., 662 P.2d 610, 623 (1983). Because it is undisputed that Plaintiff has breached a condition of the mortgage by failing to make payments and that the Defendants have not foreclosed on the Property, the Court dismisses the Plaintiff's claim for wrongful foreclosure.

Additionally, ReconTrust was authorized to foreclose on the property. Although, ReconTrust was not the trustee under the Deed of Trust, they were acting as an agent on the behalf of MERS. (see Weingartner v. Chase Home Finance, LLC., 702 F. Supp.2d 1276, 1280 (2010)). Accordingly, Plaintiff fails to state a claim for wrongful foreclosure.

E. Fraudulent Assignment

Plaintiff's claim of fraudulent assignment seems to allege that the "note" and the Deed of Trust have been separated rendering the mortgage null and void. Nevada Courts have expressly rejected the "split note" theory. Plaintiff's claim of fraudulent assignment appears to assert this theory. Vega v. CTX Mortg. Co. LLC, 761 F. Supp. 2d 1095, 1098 (D. Nev. 2011) (holding that a transfer of the note or mortgage transfers both, and the last entity to have the note or mortgage would have the authority to foreclose). Plaintiff has failed to oppose Defendants' motion to dismiss the fraudulent assignment claim. Accordingly, the motion to dismiss is granted. See LR 7-2.

F. Quiet Title

In Nevada, a quiet title action may be brought by someone who claims an adverse interest in property. NRS 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 112 Nev. 663, 918 P.2d 314, 318 (Nev.1996). The recorded titleholder is presumed to be the true titleholder. This presumption must be

overcome by the plaintiff. Biasa v. Leavitt, 692 P.2d 1301, 1304 (1985). Further, Courts have held that an action for quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal theory." Elias v. HomeEQ Servicing, 2009 WL 481270, at *2 (D.Nev. Feb. 25, 2009).

Plaintiff acknowledges that she executed loan documents that encumbered the property with a Deed of Trust held by the Defendants. Plaintiff has not discharged the debt and has failed to make payments of the mortgage. Accordingly, Plaintiff cannot claim to hold good and clear title to the property.

G. Declaratory Judgment

Declaratory relief is not a separate cause of action or an independent ground for relief. See in re Wal-Mart Wage & Hour Employ. Practices Litig., 490 F.Supp.2d 1091, 1130 (D.Nev. 2007). Plaintiff has failed to state any claim for which declaratory relief could be granted or pled facts showing that she is entitled to such relief. Accordingly, the request for declaratory relief is denied.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#11) Pursuant to Fed. R. Pro. 12(b)(6) and to Expunge Lis Pendens is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Ex Parte Motion for extension of Time to File Responsive Pleading is **GRANTED** *nunc pro tunc***.**

DATED this 30th day of May 2012.

Kent J. Dawson
United States District Judge